■ Rose Wagner, Appellant, v. Peter D. Winne, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered April 1, 1970, which dismissed the complaint, upon the trial court's decision at the close of plaintiff's case upon a jury trial. Judgment reversed, on the law, with $10 costs and disbursements, and new trial granted. The appeal did not present questions of fact. In our opinion, the evidence adduced at the trial raised issues of fact for the jury as to the negligence of defendant and the contributory negligence of plaintiff. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.

## (November 20, 1972)

■ Andrew R. Accardo, Respondent, v. Joyce A. Accardo, Appellant.— In a divorce action, the defendant wife appeals from an order of the Supreme Court, Richmond County, entered May 25, 1972, which denied her motion insofar as it was for temporary alimony and, in granting her motion insofar as it was for counsel fees, awarded only $250 therefor. Order modified by (1) adding thereto, immediately after the provision that the motion for temporary alimony is " denied ", the following: " except that plaintiff is directed to pay defendant $500 for her traveling expenses from California to New York and for her maintenance in New York for the purpose of enabling her to appear at the trial of the case, which sum shall be paid within 10 days after plaintiff serves and files a note of issue for the trial of the case" and (2) adding thereto a further provision directing plaintiff to pay defendant an additional $500 for her counsel fees. As so modified, order affirmed, without costs. Plaintiff is directed to pay one half of the additional $500 awarded herein for defendant's counsel fees within 10 days after entry of the order to be made hereon and the balance together with the $500 award for defendant's traveling and maintenance expenses, i.e., within 10 days after plaintiff serves and files a note of issue for the trial of the case; and plaintiff is further directed to notice the case for trial at once. In our opinion the $250 counsel fees awarded by Special Term was inadequate and the failure to grant defendant traveling expenses and maintenance to enable her to travel from California and appear for trial in this State was an inadvertent omission. Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

■ Percy Alston, Respondent, v. Leon Allgood, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County, entered February 17, 1972 in favor of plaintiff, upon a directed verdict on a separate trial of the issue of liability and upon a jury verdict of $17,500 upon the trial of the issue of damages. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. At the trial on the issue of liability, before the court and a jury, the parties gave conflicting versions of how the accident happened. The testimony of either party could, if believed, support a verdict in his favor (cf. Rowlands v. Parks, 2 N Y 2d 64, 67–68). It was therefore error to direct a verdict in favor of plaintiff on the issue of liability (cf. CPLR 4401; Matter of Maira, 23 A D 2d 957). In the interests of justice there should be a new trial on the issues of both liability and damages. Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.